United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re LETTER ROGATORY — REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE RE: LIROLA, NYDIA VS. LANATA, ET AL., FILE NO. 27400/2016, NATIONAL COURT IN CIVIL MATTERS NO 89 OF THE REPUBLIC OF ARGENTINA FOR INFORMATION FROM FACEBOOK IRELAND LTD. | Case No. 19-mc-80173-LB<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO SERVE SUBPOENAS FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: ECF No. 1 |

## INTRODUCTION

On January 16, 2019, the Office of International Judicial Assistance at the United States Department of Justice received a Letter Rogatory from the National Court in Civil Matters in Argentine, Republic of Argentina ("the Argentine Court").[1] In the Letter Rogatory, the Argentine Court orders that Facebook provide the following:

> (1) The name of the individual or the name of the legal entity under which the account Nydia Lirola is registered, www.facebook.com/nydia.lirola.[2]

The information will be used in a proceeding in the Argentine Court.[3]

---

[1] Letter Rogatory, Ex. A to Molinari Decl. – ECF No. 1-1 at 4–11.

[2] Application – ECF No. 1 at 2; Letter Rogatory, Ex. A to Molinari Decl. – ECF No. 1-1 at 5.

[3] Application – ECF No. 1 at 2. The Argentine case is captioned "Lirola, Nydia v. Lanata, et al, File No. 37400/2016." *Id.* at 1.

ORDER – No. 19-mc-80173-LB

On March 21, 2019, Assistant United States Attorney ("AUSA") Gioconda Molinari emailed Jacqueline Kort, counsel for Facebook, asking if Facebook would voluntarily provide the requested information.[4] Ms. Kort replied that Facebook "will be able to produce the requested user information with a subpoena."[5]

On July 3, 2019, the United States filed an *ex parte* application to appoint AUSA Giaconda Molinari as Commissioner in order to subpoena Facebook for the user information sought by the Argentine Court pursuant to 28 U.S.C. § 1782(a).[6] The court grants the application, appoints AUSA Molinari as Commissioner, and authorizes service of the subpoena on Facebook.

## ANALYSIS

**1. Governing Law**

The United States makes its application for discovery under 28 U.S.C. § 1782(a), which provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). In order to apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258–59 (2004). Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint

---

[4] Molinari Decl. – ECF No. 1-1 at 2 (¶ 4) & Ex. B.

[5] Application – ECF No. 1 at 4; Molinari Decl. – ECF No. 1-1 at 2 (¶ 4).

[6] Application – ECF No. 1 at 3.

against the opposing party was only in the investigative stage). An *ex parte* application is an acceptable method for seeking discovery pursuant to Section 1782. *See In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

A district court has wide discretion to grant discovery under Section 1782. *Intel,* 542 U.S. at 260–61. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom the discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65.

A district court's discretion is to be exercised in view of the twin aims of Section 1782: (1) providing efficient assistance to participants in international litigation and (2) encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79, 84 (2d Cir. 2004). There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that the United States law would allow discovery in an analogous domestic proceeding. *See Intel,* 542 U.S. at 247, 261–63.

When considering an application for discovery pursuant to Section 1782, the court considers first whether it has the statutory authority to grant the request and then whether it should exercise its discretion to do so. *Lazaridis v. Int'l Centre for Missing and Exploited Children, Inc.*, 760 F. Supp. 2d 109, 112 (D.D.C. 2011) (citations omitted).

**2. Application**

    **2.1 Statutory Requirements**

The first issue is whether the government's application meets the three minimum statutory requirements of Section 1782. The court holds that it does.

First, Facebook is "found" in this District within the meaning of Section 1782 because its headquarters is located in Menlo Park, California.[7] *See Rainsy v. Facebook, Inc.,* 311 F. Supp. 3d 1101, 1109 (N.D. Cal. 2018). Second, the requested discovery is for use in a proceeding in Argentina. Third, the request was made by a foreign tribunal.

### 2.2 Discretionary *Intel* Factors

#### 2.2.1 Participant in a Foreign Proceeding

The first *Intel* factor asks whether the "person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Facebook is not a party to the foreign proceedings handled by the Argentine Court.[8]

#### 2.2.2 Nature of Tribunal and Receptivity to U.S. Federal-Court Judicial Assistance

The second *Intel* factor requires the court to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.

The Argentine court requested the information, so it is receptive to this court's assistance.[9] This factor weighs in favor of granting the application.

---

[7] Molinari Decl. – ECF No. 1-1 at 1–2 (¶ 1).

[8] Application – ECF No. 1 at 2.

[9] *Id.*

ORDER – No. 19-mc-80173-LB  4

### 2.2.3 Attempt to Circumvent Foreign Proof-Gathering Restrictions or Policies

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264–65. As the Letter Rogatory was filed by a foreign tribunal, this factor weighs in favor of granting the application.

### 2.2.4 Undue Intrusion or Burden

The fourth *Intel* factor is whether the request is "unduly intrusive or burdensome." *Intel,* 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Appl. of Qualcomm, Inc.,* 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). The proposed subpoenas do not appear on their face to be unduly intrusive or burdensome. The topics appear relevant to the foreign proceedings before the Argentine court, and Facebook said it could respond to the request if it were served a subpoena.[10] This factor weighs in favor of granting the application.[11]

## CONCLUSION

The court grants the application and appoints AUSA Gioconda Molinari as Commissioner and authorizes her to subpoena the requested information from Facebook. The United States must serve Facebook with a copy of this order and a copy of the court's standing order, which is attached to this order, when it serves its subpoenas. If Facebook wants to contest the subpoenas, it must notify the United States that it wishes to do so before the return date of the subpoenas. Then, in lieu of a formal motion to quash, the parties must engage in the meet-and-confer and joint-letter-brief process set out in the court's standing order.

---

[10] Molinari Decl. – ECF No. 1-1 at 1–2 (¶ 3).

[11] This does not preclude Facebook from contesting the subpoena. *Cf. In re Ex Parte Appl. of Darmon*, No. 17-mc-80089-DMR, 2017 WL 3283969, at *4 (N.D. Cal. Aug. 2, 2017).

The testimony in this matter may be taken before any certified court reporter authorized to take testimony and administer oaths, and such court reporters are authorized to take testimony in this matter.

**IT IS SO ORDERED.**

Dated: July 12, 2019

_____
LAUREL BEELER
United States Magistrate Judge